**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**EDMUNDO RUIZ** **PETITIONER**

**VS.** **No. 2:20-CV-00254-BSM-JTR**

**DEWAYNE HENDRIX, Warden,**
**FCI – Forrest City** **RESPONDENT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

On December 30, 2020, Petitioner Edmundo Ruiz ("Ruiz") filed a Complaint seeking an "Emergency Order" prohibiting his transfer to another federal prison for ninety days and indicating that he intended to file a *future* habeas Petition. *Doc. 1*.

On January 12, 2021, the Court entered an Order: (1) advising Ruiz that only the Bureau of Prisons ("BOP") has the authority to designate his place of

imprisonment; (2) explaining that while a challenge to the execution of his sentence by the BOP was "*potentially* cognizable in a § 2241 habeas petition," Ruiz would need to file a § 2241 habeas Petition in order to seek such relief; and (3) directing Ruiz to complete and submit the court approved form for seeking § 2241 habeas relief, along with either the $5 filing fee or a request to proceed *in forma pauperis*. *Doc. 3*. The Court set a deadline of **February 15, 2021**, for Ruiz to comply with the Order. The Court's Order specifically advised Ruiz that if he failed "to timely and properly comply," his habeas action would "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)."[1] *Id.*

Ruiz failed to respond to the Court's January 12th Order.[2]

---

[1] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added).

[2] A review of the electronic docket sheet for this case indicates that the January 12th Order was not returned to the Court. Thus, there is no reason to believe that the Order failed to reach Ruiz. Even assuming that the Order, for some reason, was not delivered to Ruiz, dismissal would still be appropriate due to Ruiz's failure to make sure that his mailing address is correct and/or to monitor the progress of the case.

It is now April 1, 2021, and Ruiz has not filed anything with the Court other than his Complaint on December 30, 2020. He has ignored a Court Order and the deadline for him to: (1) submit a § 2241 habeas Petition; and (2) either pay the filing fee or submit an Application to Proceed *In Forma Pauperis*. Thus, the record makes it clear that Ruiz has violated his obligations under Local Rule 5.5(c)(2), ignored a Court Order, and has failed to prosecute this action diligently.[3]

IT IS THEREFORE RECOMMENDED THAT the Complaint, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

Dated this 1st day of April, 2021.

UNITED STATES MAGISTRATE JUDGE

[3] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders.